ORIGINAL cc: JMS/WRP / PLAINTIFF

HID EEO 1 (Rev 06/08) Employment Discrimination Complaint

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 2 2020

at 11 o'clock and 3 8 min. A M
SUE BEITIA, CLERK Jr
- UNPAID , IF P SUBMITTED

Wilfred L. Lee Jr.
_____
NAME
91-1108 Kaimalie Street
_____
MAILING ADDRESS
Ewa Beach, HI 96706
_____
CITY, STATE, ZIP CODE
808-203-0881
_____
TELEPHONE NUMBER
leewilfred2011@gmail.com
_____
FACSIMILE AND EMAIL (if applicable)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CIVIL NO. **CV20 00028 JMS** WRP

Wilfred L. Lee Jr.

        Plaintiff,

vs.

Comprehensive Health Management;
dba Ohana Health Plan aka Well Care Health
Plan; Timothy Trodden, Sundee Farr, Noah
Fonoti,Sherie Vo'a,Entity and Entites, Singular
and Pural, Known and Unknown, Past and
Present et.al                 Defendant(s),

EMPLOYMENT DISCRIMINATION
COMPLAINT

JURY TRIAL DEMAND

1.    Plaintiff resides at:

      Address:     91-1108 Kaimalie Street

      City, State & Zip Code    Ewa Beach, HI 96706

      Phone number:    808-203-0881

2.    Defendant is located at:

      Address:     949 Kamokila Blvd., #350

      City, State & Zip Code    Kapolei, HI 96707

3.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5. Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

4.     This acts complained of in this suit concern:

A.   ☐        Failure to employ me.

B.   ☒        Termination of my employment

C.   ☐        Failure to promote me.

D.   ☐        Other acts as specified below:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

EEO 1 - Page2

5.   Defendant's conduct is discriminatory with respect to the following:

A.   [X]   My race or color.

B.   [ ]   My religion.

C.   [ ]   My sex.

D.   [ ]   My national origin.

E.   [X]   Other acts as specified below:

Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

6.   The basic facts surrounding my claim of discrimination are:

### JURISDICTION

1. Jurisdiction is proper under 18 USC 1964 42 USC 2000 e.

### VENUE

2. Venue is proper, all alleged events transpired within the State of Hawaii District of Hawaii.

### JURY TRIAL DEMAND

3. the Pro Se Plaintiff demands at trial by jury in all aspect of this matter.

### PRO SE PLAINTIFF'S RIGHT TO AMEND THE COMPLAINT

4. Pro Se Plaintiff reserve the right to amend this complaint as more and additional information, evidence or defendant come to the knowledge of the Pro Se Plaintiff.

### PLAINTIFF

5. The Pro Se Plaintiff Wilfred L. Lee Jr. residing at: Is an African American heterosexual male over 40 who was employed by the above defendant Comprehensive Health Management Inc. DBA Ohana Health Plan aka Well Care  Health Plans.

### DEFENDANTS

6. The WellCare Group of Companies operates plans under the WellCare, Staywell, HealthEase and Ohana brands. While we

collectively refer to the organization in this handbook and for other purposes as "WellCare," all associates in the organization

are associates of Comprehensive Health Management, Inc

see attached pages

EEO 1 - Page3

7. WellCare is a leading provider of managed care services dedicated to government-sponsored healthcare programs, focusing on Medicaid and Medicare. Operate a variety of Medicaid and Medicare plans, including health plans for families, children, the aged, blind and disabled as well as prescription drug plans.

8. The Defendant Comprehensive Health Management Inc. is Incorporated in the State of Hawaiian as Ohana Health Plan.

9. Service of the process is at Ohana Health Plan aka Well Care Health Plans 949 Kamokila Blvd, 3rd floor Kapolei, HI 96707.

10. Defendant Timothy Trodden is the Executive Vice President, Chief Human Resources Office of defendant Ohana Health Plan and operates under the auspices of defendant Comprehensive Health Management and is an entity of Well Care Health Plans. Service of the process is at Ohana Health Plan office at 949 Kamokila Blvd 3rd floor Kapolei, HI 96707.

11. Defendant Sundee Farr is the Senior customer service manager of defendant Ohana Health Plan under the auspices of defendant Comprehensive Health Management and is an entity of Well Care Health Plans. Service of the process is at Ohana Health Plan office at 949 Kamokila Blvd 3rd floor Kapolei, HI 96707.

12. Defendant Noah Fonoti is the customer service supervisor of defendant Ohana Health Plan under the auspices of defendant Comprehensive Health Management and is an entity of Well Care Health Plans. Service of the process is at Ohana Health Plan office at 949 Kamokila Blvd 3rd floor Kapolei, HI 96707.

13. Defendant Sherie Vo'a is the customer service supervisor of defendant Ohana Health Plan under the auspices of defendant Comprehensive Health Management and is an entity of Well Care Health Plans. Service of the process is at Ohana Health Plan office at 949 Kamokila Blvd 3rd floor Kapolei, HI 96707.

## STATEMENT OF FACTS / CLAIM

13. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 12 and inclusive that the aforementioned defendants did organize themselves as a "DISCRIMINATORY ORGANIZATION" that became an "ENTERPRISE" to discriminate against this Pro Se plaintiff.

14. Such defendants acting in concert with each other and unnamed defendant outside of the State of Hawaiian to "CONSPIRE" against the Pro Se plaintiff in order to discriminate against the Pro Se plaintiff's race, gender, birth gender, sexual orientation, age and nationality. Being that the Pro Se plaintiff was born within the "LOWER 48 STATES" of the United States of America.

15. It is an well know "FACT" that the defendants are "Hawaiian", "Asian", "Polynesian" and a combination of all, who have a history of discriminating against people who were born in the lower 48 States. Especially against African Americans and White people.

16. There is an "UNOFFICIAL" but custom holiday in Hawaii known as "Kill Haole Day". Thus the seeds of hate and discrimination ARE WELL SEATED in each and every defendant.

17. The aforementioned defendant did engage in an ongoing and continuous series of conspiracies to the point of engaging in polices of racketeering as a "ORGANIZED ENTERPRISE" violated their own written policies and guidelines as outline in their own CORPORATE ADOPTED HANDBOOK which the defendant CIRCUMVENT to discriminate against the Pro Se plaintiff.

18. Thus completing their organized conspiracy to achieve an OVER ARCHING CONSPIRACY in a manner of racketeering to terminate the Pro Se plaintiff employment from unlawful policies.

19. The Pro Se Plaintiff was a full time customer service representative working in the customer service department of the defendant Comprehensive Health Management dba Ohana Health Plan call center office.

20. It was the Pro Se plaintiff's job description, responds to member, provider and other inquiries via telephone, correspondence or lobby walk-in while meeting all corporate guidelines and performance standards. demonstrates appropriate customer-care skills such as empathy, active listening, courtesy, politeness, helpfulness and other skills as identified. records, investigates and resolves member complaints as detailed in the grievance procedure narrative.

21. Assists in the education of new members and in the re-education of existing members regarding health plan procedures. Logs, tracks and appropriately documents all issues utilizing on-line systems and procedures, and in accordance with all applicable guidelines and requirements. Makes decisions that are consistent with the concept of a win-win-win for members, associates and WellCare.

22. Demonstrates based behaviors such as initiative, accountability and value. Performs skills necessary to create a high-quality customer experience, as reflected through acceptable C-Sat scores, quality monitors and member feedback.

23. The Pro Se plaintiff repeats, reiterates, alleges and re alleges from paragraph 1 to 22 and inclusive that the defendant created a de facto enterprise which acted in an ongoing and continuous pattern of racketeering in conspiracy against Pro Se plaintiff (18 USC 1964). To circumvent their own corporate policies and guidelines as set forth within their own corporate employee handbook.

24. WellCare Handbook page 9 states "Equal Employment Opportunity WellCare is committed to a policy of equal employment opportunity, reasonable accommodation and no harassment or discrimination in all aspects of employment, including, but not limited to recruitment, hiring, compensation, benefits, training, promotion, demotion, transfer, layoff, termination and all other terms and conditions of employment. No person shall be discriminated against in employment because of race, color, religion, creed, age, sex, pregnancy, veteran status, marital status, sexual orientation, gender identity or expression, national origin, ancestry, disability, genetic information, childbirth or related medical condition or other legally protected basis protected by applicable federal or state law except where a bona fide occupational qualification applies."

25. Where as each and every defendant before terminating the Pro Se Plaintiff acted in concert in the grand scheme of an organization which engaged in racketeering to circumvent their own written policies and discriminate against the Pro Se plaintiff by not issuing "corrective action form extension" at any level of corrective action issued to the Pro Se plaintiff.

26. Thus terminating the Pro Se plaintiff employment, association and affiliation with defendant Comprehensive Health Management Inc, dba Ohana Health Plan aka Well Care Health Plans.

27. The defendants over several months conducted the unlawful policy of DISPARATE TREATMENT against the Pro Se plaintiff.

28. It is note worthy that the Pro Se plaintiff was THE ONLY (SOLE) AFRICAN AMERICAN MALE, over 40 customer service employee of the defendant.

29. The defendants Comprehensive Health Management, Inc. dba Ohana Health Plan, Inc. employees are majority "Hawaiian", "Asian" and "Polynesian".

30. The defendant Comprehensive Health Management, Inc. dba Ohana Health Plan, Inc. customer service supervisor staff are "Hawaiian", "Asian" and "Polynesian".

31. The defendant Comprehensive Health Management dba Ohana Health Plan, Inc. contract with the state requires them to have a "call center" in Hawaii State.

32. The Pro Se plaintiff witnessed it spoken by customer service management and supervisors at department meetings "this was do to local people preferring to speak with their own." and "that aside from that provision they wouldn't be a Ohana Health Plan call center."

33. The defendants maintain a policy of documenting a employees "work performance" which fails their "standard". This policy is known as "corrective action form".

34. For work performance the defendant Comprehensive Health Management Inc. corrective action form has four levels "verbal", "written", "final warning" and "termination".

35. The Pro Se plaintiff was issued written corrective action form by defendant Fonoti.

36. The Pro Se plaintiff was issued final warning corrective action form by defendant Vo'a.

37. The defendants admit that "where the discriminatory allegations concern a supervisor, that same supervisor must be involved in all instances of "similarly situated" conduct".

38. Defendant Fonoti and defendant Vo'a granted corrective action form extensions to their "Hawaiian", "Asian" and "Polynesian" customer service employees.

39. The defendants Fonoti and Vo'a received approval of senior customer service manager defendant Farr and human resource vice president defendant Trodden for "Hawaiian", "Asian" and "Polynesian" customer service employees corrective action forms to be extended.

40. The defendants admit to granting three "Hawaiian", "Asian" and "Polynesian" employees who's work performance failed Comprehensive Health Management Inc. standard "corrective action form extension at one or more of the aforementioned levels.

41. The defendants admits "Hawaiian", "Asian" and "Polynesian" employees "April Taufi", "Martha Te'o" and "Duane "Keahi" Sugioka" work performance improvement as the reason for issuance of their "corrective action form extension".

42. The Pro Se plaintiff's work performance improved from 66.22% December 2018 to 79% January 2019.

43. The improvement in the Pro Se plaintiff's work performance did not result in a " verbal corrective action form extension" being granted from Comprehensive Health Management supervisors.

44. When the Pro Se plaintiff showed the same work improvement as similar "Hawaiian", "Asian" and "Polynesian" employees no action was taken by the management or supervisors to extend their current "verbal" level corrective action form 30 days.

45. The defendants declared to the Equal Employment Opportunity Commission that the Pro Se plaintiff work performance showed no improvement from December 2018 to January 2019.

46. The defendants WellCare Handbook page 35 states "Step Three: Final Written Warning: Final warnings may be extended up to thirty (30) days to allow for additional evaluation".

47. This is the only documented mention to employees of when "corrective action form extensions" may be issued.

48. As per the employee handbook corrective action form extensions provided the defendants "Hawaiian", "Asian" and "Polynesian" employees an additional 30 days of observation of their work performance before being moved to the next corrective action form level.

49. That action prolongs the employment of under performing "Hawaiian", "Asian" and "Polynesian" employees beyond the Pro Se plaintiff.

50. The defendants admit to extending "corrective action forms" to "Hawaiian", "Asian" and "Polynesian" employees outside of the aforementioned handbook provision.

51. By not AFFORDING the Pro Se plaintiff the same benefit of "corrective action form extension" as the defendant bestowed upon the Pro Se plaintiff's "Hawaiian", "Asian" and "Polynesian" employees the defendants engaged in DISPARATE TREATMENT towards the Pro Se plaintiff.

52. The individual defendants are all "Hawaiian", "Asian" and "Polynesian" or a combination of all and share similarly racial identification as the Comprehensive Health Management dba Ohana Health Plan employees granted "corrective action form extensions".

53. The Pro Se plaintiff is "African American" born in the lower 48 states and not of the "Hawaiian", "Asian" and "Polynesian" race.

FIRST CAUSE OF ACTION

54. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 53 and inclusive that the aforementioned defendant did use their corrective action policy as a method of DISPARATE TREATMENT to terminate the employment of the Pro Se plaintiff.

55. Thus causing the Pro Se plaintiff to suffer lack of income, mental anguish, mental distress, emotional trauma, psychiatric mayhem, the inability to seek and obtain gainful employment.

56. The Pro Se plaintiff seeks damages in the sum of TEN BILLION DOLLARS for the aforementioned damages and further seek FOURTY FIVE BILLION DOLLARS in PUNITIVE DAMAGES plus cost of this action FROM EACH AND EVERY DEFENDANT.

SECOND CAUSE OF ACTION

57. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 56 and inclusive that the aforementioned defendant Timothy Trodden engaged in an ongoing and continuous pattern of Racketeering and Conspiracies to create a de facto Organization of Racketeering with other defendants listed in this action along with out of State unlisted defendants to terminate the employment of the Pro Se plaintiff on April 11th, 2019 at Ohana Health Plan 949 Kamokila Blvd #350, Kapolei, HI 96707

58. The Pro Se plaintiff has been harmed and seeks award for the damages of mental anguish, mental distress emotional trauma, psychiatric mayhem, the inability to obtain gainful employment and the stigma of being terminated which preclude the Pro Se plaintiff from obtaining gainful employment which have an adverse impact of the Pro Se plaintiff social economic status.

59. Thus the Pro Se plaintiff seeks awards for damages in the sum of TEN BILLION DOLLARS and further seeks SEVENTY FIVE BILLION DOLLARS in punitive damages plus all cost and fees associated with this action from each and every defendants.

## THIRD CAUSE OF ACTION

60. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 59 and inclusive that the aforementioned defendant Sundee Farr engaged in an ongoing and continuous pattern of Racketeering and Conspiracies to create a de facto Organization of Racketeering with other defendants listed in this action along with out of State unlisted defendants to terminate the employment of the Pro Se plaintiff on April 11th, 2019 at Ohana Health Plan 949 Kamokila Blvd #350, Kapolei, HI 96707

61. The Pro Se plaintiff has been harmed and seeks award for the damages of mental anguish, mental distress emotional trauma, psychiatric mayhem, the inability to obtain gainful employment and the stigma of being terminated which preclude the Pro Se plaintiff from obtaining gainful employment which have an adverse impact of the Pro Se plaintiff social economic status.

62. Thus the Pro Se plaintiff seeks awards for damages in the sum of TEN BILLION DOLLARS and further seeks SEVENTY FIVE BILLION DOLLARS in punitive damages plus all cost and fees associated with this action from each and every defendants.

## FOURTH CAUSE OF ACTION

63. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 62 and inclusive that the aforementioned defendant Noah Fonoti engaged in an ongoing and continuous pattern of Racketeering and Conspiracies to create a de facto Organization of Racketeering with other defendants listed in this action along with out of State unlisted defendants to terminate the employment of the Pro Se plaintiff on April 11th, 2019 at Ohana Health Plan 949 Kamokila Blvd #350, Kapolei, HI 96707

64. The Pro Se plaintiff has been harmed and seeks award for the damages of mental anguish, mental distress emotional trauma, psychiatric mayhem, the inability to obtain gainful employment and the stigma of being terminated which preclude the Pro Se plaintiff from obtaining gainful employment which have an adverse impact of the Pro Se plaintiff social economic status.

65. Thus the Pro Se plaintiff seeks awards for damages in the sum of TEN BILLION DOLLARS and further seeks SEVENTY FIVE BILLION DOLLARS in punitive damages plus all cost and fees associated with this action from each and every defendants.

## FIFTH CAUSE OF ACTION

66. The Pro Se plaintiff alleges and re-alleges, repeats and reiterate with force from paragraph 1 to paragraph 65 and inclusive that the aforementioned defendant Sherie Vo'a engaged in an ongoing and continuous pattern of Racketeering and Conspiracies to create a de facto Organization of Racketeering with other defendants listed in this action along with out of State unlisted defendants to terminate the employment of the Pro Se plaintiff on April 11th, 2019 at Ohana Health Plan 949 Kamokila Blvd #350, Kapolei, HI 96707

67. The Pro Se plaintiff has been harmed and seeks award for the damages of mental anguish, mental distress emotional trauma, psychiatric mayhem, the inability to obtain gainful employment and the stigma of being terminated which preclude the Pro Se plaintiff from obtaining gainful employment which have an adverse impact of the Pro Se plaintiff social economic status.

68. Thus the Pro Se plaintiff seeks awards for damages in the sum of TEN BILLION DOLLARS and further seeks SEVENTY FIVE BILLION DOLLARS in punitive damages plus all cost and fees associated with this action from each and every defendants.

CONCLUSION

69. Organization and Enterprise under USC Title 18 section 1964 the main fact that the defendant made the Pro Se plaintiff aware of their non disclosure enhances the defendant culpability in their series of conspiracies to create a hostile work environment against the Pro Se plaintiff due to the fact that:

   1. Pro Se plaintiff is African American.
   2. Pro Se plaintiff is a heterosexual male in a LGBTQ environment which consists of homosexual women and homosexual men.
   3. The Pro Se plaintiff is over the age of 40 (age discrimination).

70. Under the Federal Rules of Civil procedures rule 56 the defendant non disclosure answer to the EEOC warrants SUMMARY JUDGEMENT against THE DEFENDANTS. Thus as evidence it has no standing against the Pro Se plaintiff and does not preclude the Pro Se plaintiff from introducing it as evidence against the defendant under The Federal Rules for Evidence as a Matter of Law.

71. Thus your Pro Se plaintiff is under no obligation to withhold the defendant admission from evidence in the prosecution of this action in his favor.

72. Since the defendant clearly consent that they are a discriminating Racketeering Enterprise acting as an organization in conspiracy to discriminate against the Pro Se plaintiff it must be concluded that EACH AND EVERY DEFENDANT, KNOWN and UNKNOWN, SINGULAR and PLURAL ENTITY and ENTITIES are in violation of Title VII 42 USC 2000 e and Title 18 USC 1964.

73. In which upon to tally up all the sums of award sort by the Pro Se must be presented to a jury for a decision in favor of the Pro Se plaintiff in which the Pro Se plaintiff must be awarded TREBLE DAMAGES AWARD OF THE TOTAL SUM FROM WITHIN EACH CAUSE OF ACTION FROM EACH AND EVERY DEFENDANT, CORPORATE or PRIVATE.

74. And any such further relief in favor of the Pro Se plaintiff that is just and proper in which the defendant shall never again in the future engage in such unlawful conduct and other Employer, Corporation or entity will see this action as a determent to prevent any Corporation and Employer from engaging in such practices.

7.   The alleged discrimination occurred on or about ___April 11th, 2019_____.
                                                                (Date)

9.   I filed charges with the Federal Equal Employment Opportunity Commission (or the
     State of Hawaii Department of Labor and Industrial Relations, Enforcement Division)
     regarding defendant's alleged discriminatory conduct on or about _May 16th, 2019_____.
                                                                          (Date)

10.  WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate,
     including injunctive orders, damages, costs, and attorney fees.

     Dated: ___Jan 14, 2020_____

                                    Signature of Plaintiff

            Wilfred L. Lee Jr.
            _____
            Plaintiff's Name - printed, or typed.
            (Notarization is not required)

EEO 1 - Page4

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Wilfred L. Lee, Jr.<br>91-1108 Kaimalie Street<br>Ewa Beach, HI 96706 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 4-257<br>Honolulu, HI 96850 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2019-00307 | Rogelio A Colón,<br>Investigator | (808) 541-3118 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Glory Gervacio Saure,
Local Office Director

11/26/2019
(Date Mailed)

Enclosures(s)

cc:
**Nicole Dunlap**
**Corporate Counsel - Employment**
**COMPREHENSIVE HEALTH MANAGEMENT, INC.**
**8725 Henderson Road**
**Renaissance , 3rd Floor**
**Tampa, FL 33634**



# HAWAI'I CIVIL RIGHTS COMMISSION

830 PUNCHBOWL STREET, ROOM 411 • HONOLULU, HI 96813-5095 • PHONE: (808) 586-8636 • FAX: (808) 586-8655 • TTY: (808) 586-8692

December 9, 2019

Wilfred L. Lee
91-1108 Kaimalie St.
Ewa Beach, HI 96706

Dear Mr. Lee:

> Re:    Notice of Dismissal and Right to Sue in
>        Wilfred L. Lee vs. Comprehensive Health Management, Inc.
>        <u>FEPA No. 20699; EEOC No. 486-2019-00307</u>

I have received notice that your complaint has been investigated by the Equal Employment Opportunity Commission, and a final determination regarding the complaint has been made by that agency.

Therefore, in accordance with Hawaii Administrative Rules (H.A.R.) §12-46-11, your case has been closed effective the date of notice at the top of this letter, I am dismissing your complaint and issuing you a right to sue. You have the right to file a private lawsuit against the Respondent in the State Circuit Court within ninety (90) days after receipt of this notice pursuant to Hawaii Revised Statutes §368-12 and H.A.R. §12-46-20. This letter serves as your Right to Sue document and you may be required to provide it to the Court should you decide to file a private lawsuit in this matter.

Sincerely,

William D. Hoshijo
Executive Director

WDH:csm

c: Chief Executive Officer