IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILFRED L. LEE JR.,<br><br>                  Plaintiff,<br><br>     vs.<br><br>COMPREHENSIVE HEALTH MANAGEMENT, dba OHANA HEALTH PLAN, aka WELL CARE HEALTH PLAN; TIMOTHY TRODDEN; SUNDEE FARR; NOAH FONOTI; SHERIE VO'A; ET AL.,<br><br>                  Defendants. | Civ. No. 20-00028 JMS-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 58 |

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 58**

### **I.  INTRODUCTION**

Plaintiff Wilfred Lee, Jr. ("Plaintiff" or "Lee"), proceeding pro se, filed this action against his former employer, Defendant Comprehensive Health Management, Inc. ("Comprehensive") and Comprehensive employees Timothy Trodden, Sundee Farr, Noah Fonoti, and Sherie Vo'a (collectively, "Defendants"). *See* ECF No. 51 (Amended Complaint).  Construed broadly, the Amended Complaint alleges causes of action (1) under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment

1

Act, 29 U.S.C. § 621 et seq. ("ADEA"), asserting discrimination claims based on race, age, sex/gender, and sexual orientation; and (2) violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 et seq.  Defendants move to dismiss all but the race and age-based discrimination claims.  ECF No. 58.

The court proceeds directly to addressing the legal arguments in the Motion to Dismiss, and discusses relevant factual allegations only as necessary to understand the court's reasoning when addressing those arguments.  Deciding the Motion to Dismiss without a hearing under Local Rule 7.1(c), the court GRANTS the motion.

## II.  DISCUSSION

**A.    Plaintiff's Gender and Sexual Orientation Discrimination Claims are Dismissed for Failure to Exhaust Administrative Remedies.**

Before filing a Title VII or ADEA discrimination claim in federal court, Plaintiff must first timely exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the Hawaii Civil Rights Commission.  *See, e.g.*, *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.") (citing 42 U.S.C. § 2000e-5(b)); *You v. Longs Drug Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248

(D. Haw. 2013) ("Like Title VII, the ADEA requires exhaustion of claims by nonfederal employees.") (citing 29 U.S.C. § 626(d)(1)) (other citation omitted).

To bring either a Title VII claim or an ADEA claim in Hawaii, a plaintiff must file a charge with the EEOC within 300 days of the last alleged unlawful employment practice, and then the plaintiff must institute his or her action within ninety days from when the EEOC issues a right to sue letter. *See, e.g., Pratt v. Haw., Dep't of Pub. Safety*, 308 F. Supp. 3d 1131, 1142 (D. Haw. 2018). The purpose of these requirements is to "giv[e] the charged party notice of the claim and 'narrow[] the issues for prompt adjudication and decision.'" *B.K.B.*, 276 F.3d at 1099 (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)).

*B.K.B.* explains that subject matter jurisdiction extends to: (1) allegations that actually fall within the EEOC's investigation; or (2) an EEOC investigation which "can reasonably be expected" to grow out of the charge. *Id*. at 1100 (quoting *E.E.O.C. v. Farmer Bros*. Co., 31 F.3d 891, 899 (9th Cir. 1994) (emphasis omitted)). Further,

> [a]llegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge. In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of

3

> discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

*Id*. at 1100 (citations and internal editorial marks omitted). Thus, the jurisdictional scope of an action "depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). The language of EEOC charges is construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B.*, 276 F.3d at 1100 (citations and quotation marks omitted). "The crucial element of a charge of discrimination is the factual statement contained therein." *Id*. (citations and quotation marks omitted).

    Here, however, it is undisputed that Plaintiff's EEOC charge was based only on claims of race and age discrimination. *See* ECF No. 58-4 at PageID #464. Plaintiff's EEOC charge checked only the "race" and "age" boxes when asked for the basis of discrimination. *Id.* The form stated in its "particulars" that "I believe that I have been discriminated against due to my race (Black) and age (42), in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended." *Id.* Nothing in the record indicates that Plaintiff complained of gender or sexual orientation

discrimination before the EEOC, that those characteristics were in any way related to the race and age claims that were brought before the EEOC, or that the EEOC in fact investigated anything related to gender or sexual orientation.

That is, although Plaintiff's allegations in this suit appear to raise gender and sexual orientation discrimination claims (in addition to race and age)— *see, e.g.*, ECF No. 51 at PageID #356 (alleging sex discrimination) & PageID #359 (asserting that "Defendant supervisor Noah Fonoti is part of the LGBTQ community," and that "[p]erformance management was not administered fairly and consistently . . . because of . . . Sex (Male/Heterosexual)[.]")—there is nothing in the Amended Complaint (or any documents the court could consider at this Rule 12(b)(6) stage) that those allegations were administratively exhausted before the EEOC.  *See, e.g.*, *Scott v. Mantech Int'l Corp.*, 2019 WL 383991, at *6 (D. Haw. Jan. 29, 2019) (dismissing disability claim as unexhausted where the complaint form did not check the "disability" box, and no other information suggested that disability was part of the scope of the investigation).

Accordingly, the Title VII discrimination claims based on gender and/or sexual orientation are DISMISSED.  The action, however, may proceed based on allegations of violations of Title VII (race) and under the ADEA.  Nevertheless, this dismissal is without prejudice.  And although it appears unlikely to the court that Plaintiff could establish exhaustion of the gender and sexual

orientation claims, the court cannot say that giving leave to amend would be futile. Thus, if Plaintiff can sufficiently establish that his gender/sexual orientation claims were "like or reasonably related to the allegations contained in the EEOC charge," *B.K.B.*, 276 F.3d at 1100, he may file a Second Amended Complaint attempting to do so. Such a Second Amended Complaint must be filed by **September 17, 2020**. If a Second Amended Complaint is not filed by that date, the action will proceed on the race and age-based discrimination claims as alleged.

**B.     No Individual Liability under Title VII or the ADEA.**

Next, the court dismisses the Title VII and ADEA claims against Defendants Trodden, Farr, Fonoti, and Vo'a (the "individual Defendants"). It is well established under Ninth Circuit precedent that Title VII and the ADEA protects against discrimination by "employers," and thus individuals or agents cannot themselves be liable for violating Title VII and the ADEA. *See, e.g.*, *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (reasoning that "[t]he statutory scheme itself indicates that Congress did not intend to impose individual liability on employees" for both Title VII and the ADEA); *Crabbe v. Nakayama*, 2019 WL 138163, at *2 (D. Haw. Jan. 8, 2019) ("[Plaintiff] cannot maintain a cause of action against an individual under Title VII or the ADEA.") (citing *Miller*).

Accordingly, the Title VII and ADEA claims against the individual Defendants are DISMISSED.  And because further amendment as to these claims against the individual Defendants would be futile, the dismissal of the individuals is with prejudice.

## C.  The Civil RICO Claims are Dismissed with Prejudice.

"To recover for a civil RICO violation, 'a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.*, 943 F.3d 1243, 1248 n.5 (9th Cir. 2019) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)).  And "[t]o allege civil RICO standing under 18 U.S.C. § 1964(c), a 'plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was "by reason of" the RICO violation.'"  *Id.* at 1248 (quoting *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)).

A "'pattern' . . . requires at least two acts of racketeering activity."  18 U.S.C. § 1961(5).  "Racketeering activity" is defined as "any act indictable under various provisions of 18 U.S.C. § 1961 and includes the predicate acts alleged in this case of mail fraud and wire fraud under 18 U.S.C. §§ 1341 and 1343."  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  To

establish mail and wire fraud, Plaintiff must allege the following elements: "(1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citation omitted). Under Federal Rule of Civil Procedure 9(b), although "the elements of knowledge and intent may be averred generally; the factual circumstances of the fraud itself require particularized allegations." *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 948 F.Supp.2d 1131, 1158 (D. Haw. 2013) (citing *Sanford*, 625 F.3d at 558).

The Amended Complaint alleges that Defendants "engaged in an ongoing and continuous pattern of Racketeering and Conspiracies to create a de facto Organization . . . to terminate the employment of the Pro Se Plaintiff[.]" ECF No. 51 at PageID #363. It identifies "Obstruction of Justice, Mail Fraud and Wire Fraud" as predicate acts. *Id.* at PageID #365. Likewise, Plaintiff's Amended RICO Case Statement identifies predicate acts as "Obstruction of Justice (18 U.S.C. 1505), Mail Fraud (18 U.S.C. 1341), Wire Fraud (18 U.S.C. 1343)." ECF No. 52 at PageID #391.[1] The Amended Complaint alleges that the "Obstruction of

---

[1] Older versions (prior to 2009) of the court's local rules had required a separate RICO case statement, but such a statement is no longer required. Although Plaintiff was not required to file his Amended RICO Case Statement, ECF No. 52, because the Plaintiff is proceeding pro se, the court will construe the Amended Complaint to include the allegations of the Amended RICO Case Statement.

Justice was committed doing (sic) the EEOC investigation along with Mail and Wire fraud." ECF No. 51 at PageID #365.

As for obstruction under § 1505 ("Obstruction of proceedings before departments, agencies, and committees"),[2] the Amended RICO Case Statement alleges:

> The facts are, in Defendants (sic) response to the EEOC investigation. They made several corruptly (sic) statements to the EEOC. Claiming that the defendant's (sic) strictly followed employment policies.

*Id.* at PageID #392. As for mail fraud, the Amended RICO Case Statement alleges:

> Facts: The defendant's (sic) provided the EEOC their respondent statement and supporting documents for their cause of action towards the plaintiff. Based on defendant's (sic) violation of Title VII of the Civil Rights Act of 1964 and The Age Discrimination in Employment Act.

*Id.* And as for wire fraud, the Amended RICO Case Statement alleges:

> Facts: Using email communications, telephony and facsimile communications. The Defendants concur,

---

[2] Plaintiff's *original* RICO Case Statement, ECF No. 13, identified "18 U.S.C. 1510" as the obstruction statute at issue. ECF No. 13. Section 1510 criminalizes obstruction of a *criminal* investigation, and Defendants argue that the obstruction allegation fails as a predicate act because obstruction of an EEOC proceeding (which is not criminal) does not violate § 1510. *See* ECF No. 58-1 at PageID #422-23. The Amended RICO Case Statement, however, alleges obstruction of an *agency* proceeding (perhaps like an EEOC proceeding) under § 1505— Defendant's current motion thus fails in this regard because it is directed at the wrong RICO Case Statement. Plaintiff appears to have amended his allegations in response to a prior motion to dismiss.

>granted authorization and instructions, organized and planned to violate the Plaintiff's (sic) rights under Title VII of the Civil Rights Act of 1964 and The Age Discrimination in Employment Act.

*Id.*

Given those allegations, Plaintiff's civil RICO claims fail for (at minimum) a lack of causation. That is, Plaintiff cannot establish standing because his alleged injury (loss of money or unlawful termination) is not "by reason of" the alleged predicate acts. *See, e.g.*, *Takeda Pharm. Co.*, 943 F.3d at 1248 (requiring a RICO plaintiff to "show . . . that his harm was 'by reason of' the RICO violation"); 18 U.S.C. § 1964(c). This showing requires "proximate caus[ation]," which in this context is "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

Here, Plaintiff's alleged injury was not "by reason of" or "directly related" to the alleged predicate acts regarding the EEOC investigation, which *followed* his termination. Even assuming—for the sake of argument *only*—that Defendants committed mail or wire fraud and obstructed the EEOC investigation, such acts would not have caused Plaintiff's "injury to his business or property" as

required to have standing to bring a civil RICO claim.[3] *See, e.g.*, *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 47 (1st Cir. 1991) ("Because the injury complained of here—Miranda's loss of employment—was not the product of bribery or any other predicate crime . . . but of her dismissal, the injury cannot be said to have occurred 'by reason of' a RICO violation. Put another way, a claim for wrongful discharge cannot be successfully pursued under civil RICO when the injury itself is not the result of a predicate act."). Moreover, neither the Amended Complaint nor the Amended RICO Case Statement alleges that any of the individual Defendants had anything to do with formulating the employer's response to the EEOC during the investigation.

    Plaintiff also fails to establish the necessary detail to state plausible predicate acts of mail or wire fraud. *See Sanford*, 625 F.3d at 557 (requiring, among other elements, a "specific intent to deceive or defraud"). Aside from the allegations during the EEOC investigation, Plaintiff also alleges discriminatory

---

[3] It is unclear whether Plaintiff properly alleges injury to his "business or property" by the alleged unlawful discrimination in employment. *See Hoatson v. N.Y. Archdiocese*, 2007 WL 431098, at *5 (S.D.N.Y. Feb. 8, 2007) ("Plaintiff has not sufficiently alleged that he was deprived of 'money or property' since loss of a job is not 'property in the victim's hands.'") (citing *Cleveland v. United States*, 531 U.S. 12, 21 (2000)); *but see Diaz v. Gates*, 420 F.3d 897, 900-01 (9th Cir. 2005) (en banc) (indicating that false imprisonment that caused a victim to lose employment and employment opportunities could be injury to "business or property"). Plaintiff's Amended RICO Case Statement alleges that RICO violations resulted in "loss of income, employment, enjoyment of life . . . [and] damage to professional reputation," ECF No. 52 at PageID #391, and claims damages of "$395,000,000,000," *id.* at PageID #400. But because the RICO claims fail for other reasons, the court need not reach this question.

acts, based on his race, leading to his termination—such as violating a "corrective action process," ECF No. 51 at PageID #357; violating the employer's "own written policies and guidelines," *id.*; having his desk switched to a remote area, *id.* at PageID #358; and in the "quality corrective action" process, *id.* at PageID #360. But none of these alleged discriminatory acts are alleged with particularity to be fraudulent, much less with the necessary "specific intent" to defraud. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) ("In the absence of direct evidence of intent, the party asserting fraud must first prove 'the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension,' and then, 'by examining the scheme itself' the court may infer a defendant's specific intent to defraud.") (quoting *United States v. Green*, 745 F.2d 1205, 1207 (9th Cir. 1984)).

Likewise, although Plaintiff's Amended RICO Case Statement lists some specific dates and communications as "fraud-related predicate acts," ECF No. 52 at PageID #393-95, these allegations largely repeat the allegations of discrimination in the First Amended Complaint (and are not fraudulent). Moreover, Plaintiff alleges acts of "mail fraud" against an attorney for Comprehensive Health Management, apparently in response to the EEOC investigation—not against a Defendant and not acts that could have caused Plaintiff's alleged injury. *See id.* at PageID #395.

In short, although Plaintiff appears to allege sufficient facts to state a Title VII claim based on race, he fails to state a valid civil RICO claim. And this is not surprising, for this discrimination suit is a poor fit for RICO. As one court put it,

> [plaintiff's] RICO claim cannot survive. "Congress enacted § 1962(c), and RICO generally, 'to target . . . the exploitation and appropriation of legitimate business by corrupt individuals.'" *Bates v. Nw. Human Servs.*, 466 F. Supp. 2d 69, 78 (D.D.C. 2006) (quoting *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 139 (D.C. Cir. 1989)). [Plaintiff's] lawsuit has nothing to do with an injury to his commercial business. It has everything to do with an employment-related injury. The remedy for [Plaintiff's] complaints is Title VII, and his attempt to shoehorn his discrimination . . . claims into a RICO claim is unavailing. Hence, his RICO claim will be dismissed.

*Moore v. Castro*, 192 F. Supp. 3d 18, 36-37 (D.D.C. 2016), *aff'd sub nom. Moore v. Carson*, 775 F. App'x 2 (D.C. Cir. 2019). "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Scher v. Premier Holdings, Inc.*, 2010 WL 1064678, at *4 (D. Haw. Mar. 24, 2010) (quoting *W. Assoc. Ltd. P'ship, ex rel. Ave. Assoc. Ltd. P'ship v. Mkt. Square Assoc.*, 235 F.3d 629, 637 (D.C. Cir. 2001)).

Accordingly, Plaintiff's civil RICO claims are DISMISSED. Because further amendment would be futile, the dismissal is with prejudice. *See, e.g.*, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 58, is GRANTED. Plaintiff's Title VII claims based on sex/gender and sexual orientation are DISMISSED without prejudice. Plaintiff's Title VII claims against the individual Defendants Trodden, Farr, Fonoti, and Vo'a are DISMISSED with prejudice. Likewise, Plaintiff's civil RICO claims are DISMISSED with prejudice.

Plaintiff is granted leave to file by **September 17, 2020**, a Second Amended Complaint re-alleging Title VII gender and sexual orientation claims if he can demonstrate, under the particular circumstances of this case, that those claims were "like or reasonably related to the allegations contained in the EEOC charge." *B.K.B*, 276 F.3d at 1100. If a Second Amended Complaint is not filed by **September 17, 2020**, the action shall continue based on the race- and age-based claims under Title VII and the ADEA. Plaintiff may not, however, re-allege

///

///

///

///

claims of individual liability against the individual Defendants under Title VII or the ADEA, or re-allege his civil RICO claims.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 18, 2020.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Lee v. Comprehensive Health Mgmt., et al.*, Civ. No. 20-00028 JMS-WRP, Order Granting Defendants' Motion to Dismiss, ECF No. 58