Wilfred L. Lee Jr.
leewilfred2011@gmail.com
91-1108 Kaimalie Street
Ewa Beach, HI 96706
808-203-0881

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
13 Nov. 2020 5:00 PM lrs
Michelle Rynne, Clerk of Court

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Wilfred L. Lee Jr. ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. CV20-00028 JMS WRP |
| ) | PLAINTIFF'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION FOR |
| Comprehensive Health Management, et. al ) | MODIFICATION OF RULE 16 |
| ) | SCHEDULING ORDER TO EXTEND |
| ) | DEADLINE TO FILE DISPOSITIVE |
| ) | MOTIONS; DECLARATION OF |
| ) | WILFRED L. LEE JR.; EXHIBIT A; |
| ) | CERTIFICATE OF SERVICE |
| ) | |
| ) | Trial: |
| Defendant(s), ) | Date: May 4, 2021 |
| ) | Time: 9:00 am |
| ) | Judge: Hon. J. Michael Seabright |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
MODIFICATION OF RULE 16 SCHEDULING ORDER TO
EXTEND DEADLINE TO FILE DISPOSITIVE  MOTIONS**

**INTRODUCTION**

    The Plaintiff Pro Se states opposition to the Defendant's motion for fails to show due diligence, 28 U.S.C 1927, Fed.R.Civ.P Rule 16(f) and mendacity of the "Declaration of Mr. Peter A. Milianti". The Plaintiff offered a compromise for their joint stipulation to the modification of the scheduling order, the Defendant CHMI declined the offer without conference.

The elements of present are, no settlement offer or discussion freely from the Defendant, once again the Defendant has approached the case dilatory. Here's what I understand. If a Defendant doesn't settle they must have a favorable position to end the case. The instrument for that is called a dispositive motion. The court set a deadline for this to be December 2, 2020. The Defendant CHMI filed this motion on November 04, 2020 not a motion for summary judgement. As I understand:

1. the law allows the Defendant CHMI to file summary judgement at anytime, up to December 2, 2020.

2. the supporting evidence for summary judgement includes the pleadings, answers to interrogatories, affidavits and declarations.

The Defendant CHMI has not been diligent in meeting the scheduling order. Not having deposed the Plaintiff doesn't prevent the Defendant from filing motion for summary judgement by the deadline. They can make the deadline with the evidence they should have already after eight (8) months of discovery from CHMI and their own employees, such as pleadings, answer to interrogatories (including Plaintiff's), affidavits and declarations. The Defendant does state a "significant amount of document production" has happened. The question is. The Defendant CHMI not willing to file their summary judgement, with the evidence they have already, by the deadline allowed because they know it would fail? If the answer to the question is yes! It can be deduced that a deposition of the Plaintiff will not change that. The Defendant CHMI motion for modification (this motion) and pending motion for summary judgement are both hail mary pass attempts.

It would be prudent for the Defendant CHMI to have a motion for summary judgement prepared should the motion be denied. While claiming they only need the Plaintiff's deposition with this motion. I think that makes this motion vexatious litigation? This motion is not about ending this case for the Defendant with a dispositive motion. It is about intentionally prolonging it unnecessary for years against the Plaintiff. Which is what makes Defendant's motion action sanctionable up to default judgement.

The Court's attention is requested that meeting deadlines late and untimely 11 th hour discovery filings. Has been a continuous pattern for the Defendant CHMI. What's really happening here is Defendant CHMI and their Attorneys are snide, passive aggressive towards the Plaintiff Pro Se. That is perfectly acceptable to the Plaintiff Pro Se. As it is up to the Court to make them realize that this isn't the most prudent method to litigate a case.  As long as this is still the 21st century United States of America. The Plaintiff as a African American has legal rights to seek redress for damages under all laws available. This includes the ones that govern court proceedings. It has been a long held tradition within the U.S Courts that parties who behave like the Defendant and their Attorneys are given punitive measures so serve they have been considered criminal sanctions.

This motion like several from the Defendant CHMI recently is meritless. The Defendant argues that they are somehow prevented from filing summary judgement.  All their declarations, affidavits, interrogatories are not enough evidence for summary judgement. By what odds do the Defendant expect the Plaintiff's deposition will change their summary judgement evidence. If this is a fact why didn't counsel <u>proceed promptly</u> with taking Plaintiff's deposition? The deduction is enough to know the answer.

"It is the same thing to say nothing and not say enough. To say a thing in an insufficient manner is the same as not to say it at all".

**ARGUMENTS**

**A. Failure on the part of counsel to proceed promptly with the normal processes of discovery should not be considered good cause.**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.... [A] district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [a party's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon

course of the litigation, and reward the indolent and the cavalier." See (Johnson v. Mammoth Recreation, Inc. 975 F.2d at 610)   Failure on the part of counsel to proceed promptly with the normal processes of discovery should not be considered good cause:

**1.** The Ninth Circuit says that "the focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end"

**2.** "If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify". See (Zivkovic v. Southern California Edison, Co)

**3.** "Mr. Marshall's Single effort to schedule depositions evidences a lack of diligence".  See (Santiago v. County of Hawaii - Hawaii Police Department et al)

Between the start of this case April, 2020 and September, 2020 Defendant admits to their one single belated attempt in six (6) months. As their only attempt to schedule Plaintiff for deposition on September 2, 2020. The record shows the Defendant CHMI was not diligent. This inquiry should end here and the motion denied. *"As a matter of law"*.

**B. PENDING MOTION FOR 28 U.S.C 1927 SANCTIONS**

The Plaintiff's pending motion for 28 U.S.C 1927 is under consideration. The Defendant's made poor use of their scheduled discovery time. The Plaintiff's case shouldn't be made more expensive unnecessarily because Defendant CHMI can afford it. The deadlines are the last day a court my consider the filings. As the Defendant's Attorneys know they are free to file their for summary judgement at any time up to the deadline. That doesn't mean it is prudent to what until the last day. Which is how the Defendant has dealt with all of their filing in this matter. The Defendant's Attorneys also know that a sole deposition is not going to change their summary judgement success or failure. If that is all they have for a defense, they are beyond the standard required for 28 U.S.C 1927.

I know that Attorneys have a duty to disclose adverse legal authority. When preparing this motion, Attorneys for the Defendant did not comply with that professional conduct standard. Which explains why they cite no case law in support of their motion. They understand this motion can't prevail. This is the seventh time the Defendant and their Attorneys have sought a dilatory action during the movement of this case. The the first six are (ECF No.44, 66, 72, 94, 95, 126 ). Each one has a cost to it for the Plaintiff, multiplies the proceedings in Plaintiff's case unreasonably and costly. This is a pattern of dilatory action by the Defendant from the onset of this case.  Does the Court believe that the Defendant asking to delay their motion for summary judgement another "sixty-one (61) days" from the Court's deadline for dispositive motions. Does not exhibit vexatious litigation?  So after eight (8) months of discovery the Defendant has not achieve the stranded for summary judgement. Now seeks a additional two (2) months, creating a one year deadline to file dispositive motion.

Are the Defendant's holding out on filing what they have now? Should they attempt in the 11th hour to sneak in what they have. Plaintiff argument is made for vexatious litigation, that is prejudicial to the Plaintiff's rights by Fed.R.Civ.P Rule 1.

## C. SUPPORT OF SUA SPONTE FED.R.CIV.P RULE 16(f) SANCTIONS FOR DEFENDANT CHMI

This motion from the Defendant CHMI should be seen as their implication to the court, they have failed to identify and dispose of factually unsupported claims from the Plaintiff from the significant amount of discovery. Regardless the Defendant CHMI fails to obey a scheduling order as cited in Fed.R.Civ.P Rule 16(f). The courts attention is requested to this motion as being a red herring. I can't believe the Defendant would risk such sanctions unless their true intent is to stall this case on the Court's docket. The Defendant CHMI has the money and the power to indefinitely afford appearing before the court in this matter. The evidence, they have made no settlement offer to the Plaintiff or conducted any formal discussions. Defendant will not file a summary judgement by the December 2, 2020 deadline. The two events keep the case on the docket so it goes stall, until it proceeds to a firm

trial date. How ever long that requires, unless the Court sua sponte Rule 16(f) sanctions against the Defendant CHMI.

Sanctions are relevant to this matter for controlling the docket. The evidence for granting sanctions is here by Defendant's own motion "modification of rule 16 scheduling order". Plaintiff made this argument to the Court in Plaintiff's reply motion (ECF 136). Sanctions for the court to decide sua sponte, **(vi)** rendering a default judgment against the disobedient party. A court sua sponte motion by its inherent power for Rule 16(f) sanctions for the Defendant "CHMI"  is appropriate to prevent the Defendant's misuse of judicial resources and fails to obey a scheduling order . *"As a matter of law"*.

### D. Mendacity of the "Declaration of Mr. Peter A. Milianti"

I am clueless to why Mr. Milianti states in his Declaration that "Plaintiff and CHMI agreed to stop making arrangements for Plaintiff's deposition". The Defendant's Attorneys ignore and have not initiate discussions with Plaintiff. Until Mr. Milianti just made contact with me a few days ago for the first time. I had no communication from any of the Defendant's Attorneys on their own will. How could we ever be "agreed"? As no specified date for this "agreed" discussion is mentioned. The mendacity is ambitious and improper, No weight should be adversely applied to Plaintiff seeking what is the normal recommendation of jurist when dealing with legal matters, obtain legal counsel. Which is also Plaintiff's right by law.

### CONCLUSION

The facts are the Defendant's motion fails to show due diligence. Is all that is required for the Court to end the inquiry and deny Defendant's motion for modification. Defendant CHMI are also in compliance for pending sanctions of 28 U.S.C 1927 by Plaintiff. Pending sanctions of Fed.R.Civ.P Rule 16(f) by Plaintiff. Unless the Court sua sponte first. Including the mendacity of the "Declaration of Mr. Peter A. Milianti" while trivial, required address. The court should strike this declaration.

The irony that all depositions are now stayed until January 4, 2021 (ECF No. 141). This motion for modification is pointless. The Defendant CHMI by February 1, 2021 would still find themselves right back to where they started on November 04, 2020. Filing their second "motion for modification of the Rule 16 scheduling order to extend deadline to file dispositive motion". The Court not to consider such a prediction is a a "slippery slope".

Dated:  November 13, 2020
STATE OF HAWAII

                                          ___s/ Wilfred L. Lee Jr._____
                                                    Wilfred L. Lee Jr.
                                                          Plaintiff Pro Se